**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-20561
Summary Calendar
_____

IN THE MATTER OF: STANLEY STORE, INC.,

`                                                Debtor.


STANLEY STORES, INC.,

                                                Appellant,

VERSUS

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.,

                                                Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CV-3448)
_____


December 23, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Stanley Stores, Inc. ("SSI"), appeals the district court's affirmance of the bankruptcy court's order compelling SSI to pay the legal fees of Akin, Gump, Strauss, Hauer & Feld, L.L.P. ("Akin Gump"), which represented the Unsecured Creditors Committee (the "Committee"). Because we reject SSI's predicate that the Committee at any point was liable to Akin Gump for the fees, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

SSI filed for bankruptcy under chapter 11. Pursuant to 11 U.S.C. § 1103, the U.S. Trustee appointed the Committee to pursue the interests of unsecured creditors. The Committee hired Akin Gump.

In an adversary proceeding, SSI filed a complaint against American Express Travel Related Services ("AMEX") and First Data Corporation ("First Data") seeking a declaratory judgment that certain proceeds were the property of SSI's bankruptcy estate and not that of AMEX or First Data. Because it did not have a stake in these funds, SSI agreed to permit the Committee to prosecute this matter on behalf of SSI's estate.

A settlement was reached whereby part of the funds were designated property of the SSI estate. The settlement agreement disbanded the Committee but in its place created the Creditor's Trust, to which title to the money would pass. Among other things, the agreement, to which SSI, AMEX, First Data, and the Creditor's Trust were the parties, stipulated that each party would bear its own attorneys' fees and costs. Akin Gump asked the bankruptcy court for its statutorily-entitled compensation from SSI and, over SSI's protestations, the court awarded this compensation.

II.

Despite the multitude of issues SSI raises, the essential question is whether the Committee could and did waive its "right" to the claim for attorneys' fees. According to SSI, the Committee

2

waived this "right" when its purported successor in interest, the Creditor's Trust, entered into the 1995 settlement agreement that stipulated that each party would bear its own costs. Because we conclude that the Committee cannot waive such a right and that indeed it does not possess such a right, we affirm.

The Bankruptcy code establishes a scheme whereby a reorganized debtor, such as SSI, is liable for the payment of the attorney's fees of an unsecured creditor's committee. *See* 11 U.S.C. §§ 330, 503, 1103. These payments are to have priority over all others. *See* 11 U.S.C. § 507.

At no point in the bankruptcy process is the Committee responsible for the fees of its hired counselSSsuch costs are strictly awarded by the court. *See* 7 Lawrence P. King, Collier on Bankruptcy ¶ 1103.03[6] (15th ed. 1998). When awarded, these costs are to be paid from the assets of the debtor's estate. *See* 11 U.S.C. § 503(b)(2); *See also* 7 Lawrence P. King, *supra,* ¶ 1103.03[6]. Therefore, SSI's contention that the Committee somehow could waive its claim to these costs evinces a misunderstanding.

The Committee neither holds the claim to these fees nor insures their payment. Akin Gump holds the claim to its fees, and by virtue of § 503(b)(2), it holds this claim against the reorganized debtor, SSI. Thus, the Committee could not possibly have waived *Akin Gump's* rightful claim to the fees, regardless of the language of the settlement agreement into which it entered.

Being based on the unsound premise that attorneys' fees are

the responsibility of the Committee, SSI's subsequent arguments are meritless.  Accordingly, the judgment is AFFIRMED.